**BOTANY BAY MARINA, INC., Plaintiff,**

v.

**GREAT AMERICAN INSURANCE COMPANY, Defendant.**

**Civ. A. No. 2:90–501–18.**

United States District Court, D. South Carolina, Charleston Division.

April 4, 1991.

O. Grady Query, Uricchio & Query, Charleston, S.C., for plaintiff.

Thomas W. Johnston, Jr., Charleston, S.C., for defendant.

## ORDER

NORTON, District Judge.

This matter is before the Court on defendant's motion for summary judgment.

### I. BACKGROUND

This case arises out of the civil action *Browder v. Botany Bay Marina* (the "*Browder* action"), filed in the South Carolina Court of Common Pleas on March 4, 1988 and tried before a jury on March 29, 1989. Plaintiff in that action, David L. Browder, alleged seven causes of action against Botany Bay Marina ("Botany Bay"): conversion; breach of employment contract; loss of use of boat and loss of income; breach of duty to maintain vessel in good repair (or constructive bailment); defamation; slander; and tortious interference with contractual relations. Only the

conversion, breach of employment contract and constructive bailment causes of action were submitted to the jury, which returned a general verdict in favor of Browder in the amount of $50,000.00 actual damages and $50,000.00 punitive damages.

The present action arose out of a marina operators liability insurance policy (the "Policy") between defendant in this action, Great American Insurance Company ("Great American"), and Botany Bay. Botany Bay contends that under the Policy, Great American had a duty first, to defend the Browder action or to pay for Botany Bay's defense costs and second, to pay the judgment awarded against Botany Bay in the *Browder* action. Great American claims that it has neither a duty to pay defense costs nor a duty to pay the *Browder* judgment, and that it is therefore entitled to summary judgment as a matter of law.

## II. ANALYSIS

■■■ Great American now moves for summary judgment as to each cause of action alleged against it by Botany Bay, asserting that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law. Summary judgment is only proper if no genuine issue of material fact exists. Fed.R.Civ.P. 56(c). In evaluating a motion for summary judgment, this Court must view the record in the light most favorable to the nonmoving party—in this case, Botany Bay. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123–124 (4th Cir.1990). The moving party is entitled to judgment as a matter of law if

the nonmoving party fails to make a sufficient showing on an essential element of its case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

### A. *Duty to Defend*

■■■ Botany Bay alleges that it put Great American on notice three days after it received notice that the *Browder* action, already well under way, encompassed a claim for property damage which was covered under the Policy. Botany Bay claims that when it inquired whether Great American wished to assume the defense, Great American replied that it was satisfied with Botany Bay's counsel. Botany Bay further claims that from January 19, 1989, the date Great American allegedly was put on notice, until March 30, 1989, the date judgment was entered in the *Browder* action, Great American did not contact Botany Bay, investigate the claim, send a reservation of rights letter, deny coverage, hire its own attorney, have an independent marine survey conducted or question the manner in which the claim was handled.[1] Botany Bay argues that once it put Great American on notice that Browder was seeking damages against Botany Bay for a risk covered under the Policy, a duty to defend arose on the part of Great American.[2]

Great American asserts that it did not owe Botany Bay a duty to undertake the defense of the *Browder* action or a duty to pay Botany Bay for the costs it incurred defending the action. Great American argues that Clause 7 does not impose an

---

1. This Court accepts as true these assertions for purposes of this summary judgment motion.

2. Although Botany Bay emphatically claims that Great American owes it a duty to defend, it has never specified the source of this duty. Great American thus surmises that Botany Bay relies on Clause 7 of the Policy for such a duty. Clause 7 states:

    This Company agrees to indemnify the Insured to the extent of this policy's proportion of legal costs or fees or expenses of counsel occasioned by the defense of any claim against the Insured for any liability or alleged liability of the Insured covered by this policy, provided that such costs, fees or expenses are incurred with the prior written consent of this

Company. The Company shall have the option of naming attorneys to represent the Insured in the defense of any claim, insured hereunder, made against the Insured, and this Company may exercise exclusive direction and control of the said defense. The Insured shall cooperate with this Company and shall not assume any obligations, admit any liability, or incur any expense for which this Company may be liable, without prior written approval.

In the absence of evidence to the contrary, this Court will assume that Clause 7 contains the language which Botany Bay believes encompasses the duty to defend.

absolute duty to defend nor does its language resemble the language of a typical duty to defend clause, which generally contains an unequivocal obligation for the insurer to defend. Therefore, Great American argues, clause 7 cannot be construed as imposing such a duty.

Great American asserts that far from providing an unconditional obligation to defend, Clause 7 grants Great American the option of naming defense counsel and controlling the defense of the suit and only a conditional obligation to indemnify Botany Bay for defense costs. The duty to pay for defense costs is expressly conditioned upon Great American's written consent to undertake such a payment. Botany Bay retorts that by knowingly permitting Botany Bay to proceed with the defense of the *Browder* case, Great American waived its contractual right to give prior written consent and that Great American's own action—or inaction—following notice of the claim estops it from now asserting that Botany Bay failed to obtain written authorization.

In *Crown Center Redevelopment Corp. v. Occidental Fire & Casualty Co.*, 716 S.W.2d 348, 356–357 (Mo.App.1986), the Missouri Court of Appeals also had occasion to consider this issue. After reviewing a clause purported to contain a duty to defend,[3] the court found the policy's requirement of consent by the insurer to be pivotal in its decision to deny the insured the recovery of defense costs from its insurer. The court stated:

> In this case the obligation of American to pay defense costs is neither fixed nor absolute. The obligation is plainly stated that American will pay costs which may be incurred by the insured with the consent of American. Thus, the entire obligation is conditioned on the consent of American and not simply the procedure by which the obligation is carried out.
>
> The duty of an insurer to defend is contractual, and if there is no contract to defend there is no duty to defend....

Here the contract to defend was specifically limited to those costs which were incurred with the consent of American. There was no showing that American had consented to any defense costs and the court did not find that American had consented.

*Id.* at 357.

■ Similarly, Clause 7 confers no fixed or absolute obligation upon Great American to pay defense costs. Insurance policies are subject to the general rules of contract construction and therefore courts must enforce, not write, contracts of insurance and the language must be given its plain meaning. *Sloan Constr. Co. v. Central Nat'l Ins. Co.*, 269 S.C. 183, 236 S.E.2d 818, 819 (S.C.1977). Botany Bay claims that "the policy language imposed a duty on Great American to defend its insured," but has failed to point to any language in the Policy that sets forth such an obligation. Instead, Botany Bay appears to assume that because the Policy contains some duty to defend language in Clause 7, that language should be construed as broadly as those policies which contain sweeping duty to defend language.

This Court disagrees with Botany Bay's argument and refuses to impose duties not encompassed in the Policy. Instead, the Court finds that according to the plain language of the Policy, Great American is only required to pay Botany Bay for defense costs if it gave Botany Bay prior written consent, and that Great American was permitted, but not required, to name attorneys to represent Botany Bay or to direct and control the defense.

Botany Bay has failed to offer any proof that Great American gave prior written consent to pay defense costs or that Great American chose to take part in defending the *Browder* action. Botany Bay's meek suggestion that a jury might find implied or actual consent is insufficient to withstand this motion for summary judgment.

---

3. The clause stated:

Payment of expenses. Loss expense and legal expenses, including court costs and interest, if any, which may be incurred by the Insured with the consent of the Company in the adjustment or defense of claims, suits or proceedings shall be borne by the company and the Insured in the proportion that each party's share of loss bears to the total amount of said loss.

Botany Bay's assertion that Great American waived its right to written consent is also meritless. Botany Bay has offered no evidence to suggest that Great American did anything to waive its contractual right to written consent. Accordingly, Great American's motion for summary judgment regarding Botany Bay's causes of action for breach of contract and bad faith as to the duty to undertake the defense of the Browder action or to indemnify Botany Bay for the costs incurred to defend that action is granted and the claims dismissed.

### B. *Duty to Indemnify for Judgment*

Botany Bay also asserts that Great American must pay the judgment awarded against Botany Bay in the *Browder* action. Great American counters that it is entitled to summary judgment on this claim because none of the causes of action submitted to the jury in the *Browder* action would have resulted in a judgment within the coverage of the Policy. Therefore, argues Great American, it has no duty to pay the *Browder* judgment.

 After considering the motions, memoranda and oral arguments of both parties, this Court finds that a material question of fact exists as to whether the causes of action submitted to the jury are covered by the Policy,[4] and that defendant's motion for summary judgment regarding Botany Bay's claim that Great American breached its contract and acted in bad faith when it refused and failed to pay the *Browder* judgment should be denied. It is, therefore,

ORDERED that Great American's motion for summary judgment as to Botany Bay's breach of contract and bad faith claims regarding the duty to pay defense costs be GRANTED. It is further

ORDERED that Great American's motion for summary judgment as to Botany Bay's breach of contract and bad faith

---

**4.** This Court rejects Great American's argument that Botany Bay may only be indemnified for the judgment if it proves that all three causes of action which went to the jury in *Browder* are

claims regarding the duty to pay the *Browder* judgment be DENIED.

IT IS SO ORDERED.

covered by the Policy. On the contrary, Botany Bay need only show that one of the causes of action is covered by the Policy in order to prevail on its indemnification for judgment claim.