37 F.3d 1492
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 BOTANY BAY MARINA, INCORPORATED, Plaintiff-Appellant,
v.
GREAT AMERICAN INSURANCE COMPANY, Defendant-Appellee.
BOTANY BAY MARINA, INCORPORATED, Plaintiff-Appellant,
v.
GREAT AMERICAN INSURANCE COMPANY, Defendant-Appellee.
 Nos. 92-2108, 92-2418.
 United States Court of Appeals, Fourth Circuit.
 Argued March 29, 1993.
Decided Oct. 12, 1994.
 
 Appeals from the United States District Court for the District of South Carolina, at Charleston. David C. Norton, District Judge. (CA-90-501-2).
 ARGUED: William Andrew Gowder, Wise & Cole, P.A., Charleston, SC; O. Grady Query, Uricchio & Query, Charleston, SC, for appellant.
 Douglas Manning Muller, Buist, Moore, Smythe & McGee, P.A., Charleston, SC, for appellee.
 ON BRIEF: Andrew K. Epting, Jr., Wise & Cole, P.A., Charleston, SC, for appellant.
 D.S.C.
 AFFIRMED IN PART, REVERSED IN PART.
 Before WIDENER and WILKINSON, Circuit Judges, and HILTON, United States District Judge for the Eastern District of Virginia, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Botany Bay Marina, Inc. (Botany Bay) appeals the district court's grant of summary judgment to Great American. Reviewing the grant of summary judgment de novo, see Overstreet v. Kentucky Central Life Ins. Co., 950 F.2d 931, 938 (4th Cir.1991), and drawing all justifiable inferences in favor of Botany Bay with respect to a duty to defend, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986), we affirm the district court's denial of defense costs. On the record on which the case was submitted, however, we reverse the district court's denial of insurance coverage.[1]
 
 I.
 
 2
 In May 1987 Botany Bay hired David Browder as the general manager of the marina under an oral employment contract. Botany Bay Marina, Inc. v. Great American Insurance Co., 1992 U.S. Dist. LEXIS 18744, * 1 (D.S.C.1992). During May 1987 Browder hauled his boat, the WAHOO, out of the water and placed it on chocks and blocks in a yard in front of the marina repair shop. 1992 U.S. Dist. LEXIS at 18744, * 3. Browder believed that as part of his compensation he could use the marina's repair facilities free of charge and only be responsible for the cost basis of materials and the standard labor rate for any of the marina's employees that aided him in his repairs. 1992 U.S. Dist. LEXIS at 18744, * 2.
 
 
 3
 In December 1987 Botany Bay terminated Browder as manager of the marina. 1992 U.S. Dist. LEXIS at 18744,* 3. Botany Bay then informed Browder that he must remove the WAHOO from the marina and that if he failed to do so by December 16 it would impound the boat and charge Browder for storage, labor and materials used to repair the boat, hauling, transportation and other fees. 1992 U.S. Dist. LEXIS at 18744, * 4. On December 16, after Browder had made preparations to remove the WAHOO, he received an $8,000 bill from Botany Bay for charges including wet storage, hauling out and related moving, dry storage, and labor and materials used in repairs. 1992 U.S. Dist. LEXIS at 18744, * 4. When Browder refused to pay the bill Botany Bay refused to permit Browder to remove the WAHOO from the marina. 1992 U.S. Dist. LEXIS at 18744, * 4-5. Botany Bay then moved the WAHOO from its position in front of the repair shop to the long term or dry storage area. 1992 U.S. Dist. LEXIS at 18744,* 5. The WAHOO was placed under a pine tree, was improperly chocked and blocked, and was placed on soil that was soft and unsuitable for supporting the boat. 1992 U.S. Dist. LEXIS at 18744, * 5. As a result of this improper storage the hull and keel of the WAHOO suffered substantial damage. 1992 U.S. Dist. LEXIS at 18744, * 5.
 
 
 4
 In March 1988 Browder filed a complaint against Botany Bay with Charleston County Court of Common Pleas claiming liability for conversion, breach of employment contract, and slander. 1992 U.S. Dist. LEXIS at 18744, * 6. In November 1988 Browder amended his complaint and added several claims including a claim for breach of duty to maintain the boat in good repair. 1992 U.S. Dist. LEXIS at 18744,* 6. After receiving Browder's amended complaint, Botany Bay requested its insurer, Great American Insurance Company (Great American), to defend the suit because Botany Bay believed that the claim for breach of duty to maintain the boat in good repair was covered under its insurance policy. 1992 U.S. Dist. LEXIS at 18744, * 6. Great American refused to participate both in the defense of the suit and in the settlement negotiations. 1992 U.S. Dist. LEXIS at 18744,* 6. Trial commenced in March 1989, and after a non-suit by Browder and a directed verdict in Botany Bay's favor on several claims, the judge submitted a general verdict form to the jury on the issues of conversion and breach of contract. 1992 U.S. Dist. LEXIS at 18744, * 7. The jury returned a verdict in Browder's favor assessing $50,000 actual damages and $50,000 punitive damages but the jury did not specify the cause of action on which it based its verdict. 1992 U.S. Dist. LEXIS at 18744, * 10.
 
 
 5
 After trial Botany Bay requested Great American to pay $90,000 as a compromise settlement of the judgment. 1992 U.S. Dist. LEXIS at 18744, * 10. When Great American refused to pay, Botany Bay filed this suit alleging breach of insurance contract and bad faith in both the duty either to defend or pay defense costs and the duty to pay the judgment. 1992 U.S. Dist. LEXIS at 18744, * 10-11. Great American filed a motion for summary judgment and in April 1991 the district court granted Great American partial summary judgment on the issue of duty either to defend or pay defense costs. See Botany Bay Marina, Inc. v. Great American Ins. Co., 760 F.Supp. 88, 92 (D.S.C.1991). The district court held that under the insurance contract Great American had only the right and not the duty to defend and that Great American was not responsible for defense costs because it had not given prior written consent of defense to Botany Bay. Botany Bay, 760 F.Supp. at 91-92. On the issue of duty to indemnify the district court denied summary judgment. 760 F.Supp. at 92.
 
 
 6
 After several conferences between the district court and counsel for both Great American and Botany Bay, the parties agreed that the district court should determine the issue of indemnification based on legal memoranda and the transcript from the underlying trial. See Botany Bay, 1992 U.S. Dist LEXIS at 18744, * 11. After considering the merits, the district court held that Great American was not estopped from denying the existence of coverage and that none of the causes of action submitted to the jury in the underlying trial were covered under the insurance policy. 1992 U.S. Dist. LEXIS at 18744, * 12-13, 21. Consequently, the district court entered judgment for Great American on the issue of indemnification. 1992 U.S. Dist. LEXIS at 18744, * 21. Botany Bay now appeals the judgments as to both defense costs and indemnification.
 
 II.
 A.
 
 7
 An insurance company's duty to defend arises from the contract of insurance. See Appleman, Insurance Law and Practice Sec. 4682. It is not a common law obligation. Unlike the usual liability policy which contains a duty to defend, the policy at issue does not impose such a duty on Great American. This is admitted by plaintiff. The policy does contain in Clause 7 the following with respect to the defense of actions against an insured:
 
 
 8
 This Company [Great American] agrees to indemnify the Insured to the extent of this policy's proportion of legal costs or fees or expenses of counsel occasioned by the defense of any claim against the Insured for any liability or alleged liability of the Insured covered by this policy, provided that such costs, fees or expenses are incurred with the prior written consent of this Company. The Company shall have the option of naming the attorneys to represent the Insured in the defense of any claim, insured hereunder, made against the Insured, and this Company may exercise exclusive direction and control of said defense. The Insured shall cooperate with this Company and shall not assume any obligations, admit any liability, or incur any expense for which this Company may be liable, without prior written approval.
 
 
 9
 Based on this clause and the facts of this case, Botany Bay claims that Great American is liable for defense costs.
 
 
 10
 After receiving Browder's amended complaint alleging breach of duty in maintaining the WAHOO in good repair, Botany Bay notified Great American that Browder sought to recover for property damage to the WAHOO that was covered by Botany Bay's insurance policy. See Botany Bay, 760 F.Supp. at 90. After receiving this notification, Great American stated that it was satisfied with the counsel that was representing Botany Bay and then did nothing else. 760 F.Supp. at 90. Based upon these events, Botany Bay claims that Great American must pay defense costs because it either explicitly accepted the defense or is now estopped from denying responsibility for the defense.
 
 
 11
 Clause 7, supra, of the insurance policy, which states that Great American shall have the option of naming defense counsel and may exercise exclusive direction and control of the defense, is dispositive of both of these claims. Under the plain language of this clause, Great American has the option of naming defense counsel and controlling the litigation. The naming of defense counsel and control of litigation, however, require positive actions, and in this instance Great American did not name the defense counsel and did not assume control of the litigation. Although Great American acknowledged Botany Bay's choice of counsel, this is no substitute for the positive action required under Clause 7.
 
 
 12
 Similarly, Clause 7 states that Great American will indemnify the insured for defense costs provided that such costs are incurred with the prior written consent of Great American. In this instance it is undisputed that Botany Bay did not obtain prior written consent from Great American. Because the policy clearly states that written consent is needed, we are of opinion that Botany Bay may not recover defense costs.
 
 
 13
 As for Botany Bay's claim that Great American is estopped from denying liability for defense costs, we are of opinion that estoppel is not appropriate in this instance. The fact that Botany Bay believed that Great American would pay defense costs does not alter the fact that Botany Bay had to defend itself or suffer a default judgment. Thus, Botany Bay cannot claim that Great American misled it into continuing to defend the suit. Great American did not state or misstate any fact on which Botany Bay relied to its detriment.
 
 B.
 
 14
 On the issue of coverage, the district court held that the damage to the WAHOO did not result from a covered occurrence and thus Great American was not liable for the judgment against Botany Bay. After reviewing the policy and the circumstances surrounding the damage to the WAHOO, we are of opinion that the damage did arise from a covered occurrence.
 
 
 15
 Clause 1 of the policy states the following:[2]
 
 
 16
 In consideration of the payment of premium and subject to the limits of liability, exclusions, conditions and other terms of this policy, this Company [Great American] agrees to pay on behalf of the Insured, all sums which the Insured shall become obligated to pay by reason of the liability imposed upon him (them) by law for the loss of or damage to private pleasure watercraft and their motors, the property of others, while in his (their) care, custody or control at the premises scheduled in Clause # 2 for any of the operations checked below.
 
 
 17
 [x] A. Repair, alterations or maintenance;
 
 
 18
 [ ] B. Storage;
 
 
 19
 [x] C. Mooring at slips, spaces or buoys rented by the Insured;
 
 
 20
 [x] D. Hauling out or launching not in connection with operation A. or B.;
 
 
 21
 [x] E. Fueling and miscellaneous servicing of a transient nature.
 
 
 22
 It is undisputed that the WAHOO originally was brought on the premises for repairs. Only after problems arose between Browder and Botany Bay was the WAHOO moved into the long term or dry storage area. Botany Bay claims that the damage to the WAHOO is covered because it originally was brought on the premises for repairs. Great American counters that although the WAHOO originally was brought on the premises for repairs, the damage occurred after repair work had ceased and while the WAHOO was in storage.
 
 
 23
 If damage had occurred to the WAHOO during actual repairs then there is no doubt the policy would have covered the damage. In this instance, however, the repairs had been completed and the WAHOO had been placed in storage because Botany Bay retained it as security for the charges allegedly owed by Browder. We are of opinion that the storage of the WAHOO was a necessary incident of the repairs made to her and thus the damage arose during a covered occurrence. Although Botany Bay did not separately offer a storage service, this does not mean that Botany Bay did not engage in the storage of vessels. Not every boat brought on the premises for repairs was immediately placed in the repair yard. Similarly, not every boat on which repairs were completed was immediately released to the owner. The storage of boats before, during and after repairs is a necessary function of Botany Bay's repair operations, and Botany Bay selected coverage to protect it from damages that may arise during repair operations.
 
 
 24
 Great American would have us hold that when a boat is brought on the premises for repairs and subsequently placed in storage, either before, during or after repairs, the policy coverage would alternate between that of repair and that of storage. We are of opinion that such a construction is not warranted by the plain language of the policy. If a boat were placed on Botany Bay's premises for storage only then any damage that occurred would not be covered under the policy. However, if a boat is brought on the premises for repair and then stored as a necessary incident of that repair, any damage that occurs is covered under the policy.
 
 III.
 
 25
 We are of opinion that Great American is not responsible for defense costs in the underlying trial between Browder and Botany Bay. However, we also are of opinion that the damage to the WAHOO is covered under the policy.
 
 
 26
 Accordingly, the judgment of the district court is
 
 
 27
 AFFIRMED IN PART AND REVERSED IN PART.
 
 
 
 [1]
 The district court has two formal opinions. The first, of April 4, 1991, is reported at 760 F.Supp. 88 (D.S.C.1991), was not an appealable one in itself, and was not appealed. The second, of July 29, 1992, is not reported, but is found at 1992 LEXIS 18744 (D.S.C.1992). The order entered on that opinion made the case appealable
 
 
 [2]
 Botany Bay did not select storage coverage because Botany Bay does not provide storage unrelated to repairs